IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Gong Fan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No._____ |
| | ) | |
| John Doe, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 0001.com, | ) | |
| and | ) | |
| 6007.com, | ) | |
| and | ) | |
| 00088.com, | ) | |
| and | ) | |
| 10099.com, | ) | |
| and | ) | |
| 00086.com, | ) | |
| and | ) | |
| 98988.com, | ) | |
| and | ) | |
| 88199.com, | ) | |
| and | ) | |
| 00018.com, | ) | |
| and | ) | |
| 00019.com, | ) | |
| and | ) | |
| 00020.com. | ) | |
| and | ) | |
| 00021.com | ) | |
| | ) | |
| Defendants. | ) | |

1

Verified Complaint

Comes Now the Plaintiff, Gong Fan, (hereinafter Fan), by and through his counsel, and files this complaint against John Doe (Defendant Doe) and <0001.com>, <6007.com>, <00088.com>, <10099.com>, <00086.com>, <98988.com>, <88199.com>, <00018.com>, <00019.com>, <00020.com>, and <00021.com).  (Defendant Domain Names).

I. Nature of The Suit

1.      This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2.      The Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant John Doe who gained unauthorized access to the Plaintiff's email account on a protected computer, and used this access to transfer control of the Defendant Domain Names from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control his domain names causing irreparable injury to the Plaintiff.

II. The Parties

3.      The Plaintiff, Gong Fan is a Natural Person and a citizen of China with an address of 24B1, B Tower, World Trade Plaza, Fuhong Road, Shenzhen, 518033, China.

4.      Upon information and belief John Doe is an individual, although his true identify is unknown as the Defendant is using apparently fictitious names and addresses to conceal his identity.  The thief used three "names" and addresses, all of which are, upon information and belief, false, incomplete and deceptive: 1) tien chen, henanshengyongchenshimanshangzhenzhangzhuangcun, yongchenshi, 0370, China, +86.15559618479, immenselydd@gmail.com; 2) chen, henanshengyongchenshi,

2

henanshengyongchenshi, yongchen, henan, 0374, CN, +86.15559618479,

immenselydd@gmail.com, 3) ying yang, shandongshenglinyitancheng, linyishi, 276100, CN,

+86.13063196386, yangying84214@gmail.com.

5.      The Defendant Domain names are all <.com> domain names for which the

Registry, Verisign, Inc., is located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia

20166 within this Court's judicial district.

6.      The Plaintiff acquired <0001.com> on May 5, 1998 as the original registrant, has

maintained registration of it through May 4, 2020 and has, since acquisition, used the domain in

commerce.  (See Exhibit A, Line 1.)

7.      The Plaintiff acquired <6007.com> on April 6, 2002 as the original registrant, has

maintained registration of it through April 6, 2018 and has, since acquisition, used the domain in

commerce.  (See Exhibit A Line 2.)

8.      The Plaintiff acquired <00088.com> on May 22, 2002 as the original registrant,

has maintained registration of it through May 22, 2018 and has, since acquisition, used the

domain in commerce. (See Exhibit A Line 3.)

9.      The Plaintiff acquired <10099.com> on April 6, 2002 as the original registrant,

has maintained registration of it through April 6, 2018 and has, since acquisition, used the

domain in commerce.  (See Exhibit A Line 4.)

10.     The Plaintiff acquired <00086.com> on May 22, 2002 as the original registrant,

has maintained registration of it through May 22, 2018 and has, since acquisition, used the

domain in commerce.  (See Exhibit A Line 5.)

11.     The Plaintiff acquired <98988.com> on March 31, 2002 as the original registrant, has maintained registration of it through March 31, 2018 and has, since acquisition, used the domain in commerce.  (See Exhibit A Line 6.)

12.     The Plaintiff acquired <88199.com> on April 5, 2002 as the original registrant, has maintained registration of it through April 5, 2018 and has, since acquisition, used the domain in commerce.  (See Exhibit A Line 7.)

13.     The Plaintiff acquired <00018.com> on May 22, 2002 as the original registrant, has maintained registration of it through May 22, 2018 and has, since acquisition, used the domain in commerce.  (See Exhibit A Line 8.)

14.     The Plaintiff acquired <00019.com> on May 22, 2002 as the original registrant, has maintained registration of it through May 22, 2018 and has, since acquisition, used the domain in commerce.  (See Exhibit A Line 9.)

15.     The Plaintiff acquired <00020.com> on May 22, 2002 as the original registrant, has maintained registration of it through May 22, 2018 and has, since acquisition, used the domain in commerce.  (See Exhibit A Line 10.)

16.     The Plaintiff acquired <00021.com. On April 3, 2004 as the original registrant, has maintained registration of it through April 2, 2021 and has, since acquisition, used the domain in commerce.  (See Exhibit A Line 11.)

17.     The Plaintiff used each of the Defendant Domain Names, prior to their theft, to direct internet traffic to travel sites generating income and as part of his business in purchasing and selling domain names for profit.

18.     The Plaintiff discovered that Defendant Doe, had at some point between August 22, 2017 and September 20, 2017 hijacked the Plaintiff's email address and used this unauthorized access to the Plaintiff's email account to transfer all of the Defendant Domain Names to Defendant Doe's control without the Plaintiff's authorization.  (See Exhibit B1 - 11, WHOIS reports, post-theft.)

III.   Jurisdiction and Venue

19.     This actions arises out of Defendant Doe's violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

20.     This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has in rem jurisdiction over the Defendant Domains Names pursuant to 15 U.S.C. § 1125(d)(2)(A) insofar as the registry for the <.com> domain names, Verisign, Inc., is located within this judicial district.

21.     Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign, Inc. has its principal place of business in this judicial district.  Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subjects of the action reside in this judicial district.

22.     Defendant John Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to the Plaintiff's email system and domain management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained by Verisign, Inc. for the Defendant Domain Names to be altered so as to transfer control of the Defendant Domain Names away from the Plaintiff.

23.     The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV.  Notice

24.     Pursuant to the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of this filing of this complaint is being sent to the Defendant at the postal addresses and email addresses provided on the current WHOIS records as set forth above, although the Plaintiff believes the information provided is illegitimate.

25.     The Plaintiff is providing such notice contemporaneously with the filing of this Complaint.  Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), the Plaintiff will promptly publish notice of this action as the Court may direct after filing of this Complaint.

26.     The Plaintiff's claim in the alternative for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

27.     Joinder of the Defendant Domain Names is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common as to all claims and Defendants.

V.  Factual Background

28.     The Plaintiff acquired each of the Defendant Domain Names as set forth above and has used each in commerce since that date until stolen by Defendant Doe.

29.     The Plaintiff is in the business of domain monetization and collects domains names for the purpose of turning internet traffic into monetary gain through directing traffic to for-profit web pages and/or resale.

30.     The Defendant Domain Names, four and five letter <.com> domain names, are extremely valuable and their loss has deprived the Plaintiff of both the income generated by the domain names as well as the ability to sell the domain names.  The Defendant Domain Names are, as a group, worth approximately $700,000.

31      The Plaintiff has used the Defendant Domain Names in commerce since acquisition and has common law rights in the names.

32.     The Plaintiff controls his domain names through an email account, gong09@gmail.com.

33.     The Plaintiff's email system is maintained on a protected computer system and access to the account should be restricted to only that person with the Plaintiff's username and password.

34.     Between August 22, 2017 and September 20, 2017 Defendant Doe hijacked the Plaintiff's email.

35.     Defendant Doe used the hijacked control of the Plaintiff's email account to take control of the Defendant Domain Names.

36.     Defendant Doe used this unauthorized control of the Plaintiff's email account to change the registration record for the Defendant Domain Names.

37.     Each of the Defendant Domain Names were transferred by Defendant Doe away from the Plaintiff's control.

38.     Defendant Doe has taken control of the Defendant Domain Names with the intent to divert the substantial advertising revenue produced by the web site to which traffic is directed by the web site associated with the Defendant Domain Names to himself.

7

39.     Defendant Doe has, upon information and belief, taken control of the Defendant Domain Names with the intent to resell the Defendant Domain Names.

40.     Defendant Doe's registration and use of the Defendant Domain Names is without the Plaintiff's authorization.

41.     Defendant Doe has no intellectual property rights in the Defendant Domain Names.

42.     Defendant Doe provided misleading or incomplete contact information in the domain name registration when changing the registration for the Defendant Domain Names.

43.     Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

VI.  Causes of Action

Count I
Claim for Declaratory Judgment

44.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

45.     Plaintiff had registered the Defendant Domain Names as alleged above and has, since that time, maintained uninterrupted control over the Defendant Domain Names until stolen by Defendant Doe.

46.     Defendant Doe's actions have taken control of the Defendant Domain Names from Plaintiff without authorization or permission.

47.     The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Anticybersquating Consumer Protection Act (ACPA)
15 U.S.C. § 1114(2)(d)

48.    The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

49.    The Plaintiff has owned the Defendant Domain Names for many years, has used them in commerce to generate substantial income and has common law rights in the marks.

50.    Defendant Doe's actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademarks, with bad faith intent to profit therefrom.

51.    The Plaintiff, because of Defendant Doe's actions, is being prevented from using and exercising control over the Defendant Domain Names.

52.    The Plaintiff is being harmed through the loss of income, loss of business and loss of business opportunities unless enjoined.

53.    The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with his domain names.

54.    The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

55.    The above described conduct of Defendant Doe, registrant of the Defendant Domain Names, constitutes unlawful cybersquating in violation of the Anticybersquating Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

56.     The above described conduct by Defendant Doe has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain names.  Unless permanently enjoined by this Court, said irreparable harm will continue.  Accordingly, pursuant to 15 U. S. C. § 1125(d)(2)(D)(I), the Plaintiff is entitled to an order transferring the registration of the Defendant Domain Names to the Plaintiff.

## Count III
### Tortuous Interference with Contractual Relationship

57.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

58.     The Plaintiff properly entered into a contract with the registrar for the Defendant Domain Names before the Defendant Domain Names were stolen.

59.     Defendant Doe has unlawfully taken control of the Defendant Domain Names, interfering with Plaintiff's lawful contract rights to the Defendant Domain Names.

60.     As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged.  The Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration service contracts.

## Count IV
### Conversion

61.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has property rights in the Defendant Domain Names.

62.     Defendant Doe has taken control of the Defendant Domain Names and is wrongfully exercising control and authority over the Defendant Domain Names.

63.     The control and authority exercised by Defendant Doe deprives the Plaintiff of

10

control and the income and business generated from the Defendant Domain Names.

64.     Defendant Doe is wrongfully exerting dominion over the Plaintiff's property in denial of his rights.

Count V
Violation of the Computer Fraud and Abuse Act

65.     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

66.     Defendant Doe knowingly and intentionally accessed the Plaintiff's email system on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)©.

67.     Defendant Doe knowingly, and with intent to defraud, accessed the Plaintiff's email system on a protected computer without authorization and obtained information from that computer which Defendant Doe used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

68.     Defendant Doe intentionally accessed the Plaintiff's email system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)©.

69.     The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

70.     As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiff respectfully requests of this court:

I.      That judgment be entered in favor of the Plaintiff on his claims for violation of the Anticybersquating Consumer Protection Act; and

II.     That judgment be entered in favor of the Plaintiff on his claims for violation of the Computer Fraud and Abuse Act; and

III.    Enter an order declaring that Gong Fan is the only entity with any rights to the contract controlling the Defendant Domain Names <0001.com>, <6007.com>, <00088.com>, <10099.com>, <00086.com>, <98988.com>, <81999.com>, <00018.com> , <00019.com>, <00020.com>, and <00021.com>; and

IV.     Enter an order declaring that Defendant Doe does not have any rights to the Defendant Domain Names <0001.com>, <6007.com>, <00088.com>, <10099.com>, <00086.com>, <98988.com>, <81999.com>, <00018.com> , <00019.com>, <00020.com>, and <00021.com>; and

V.      Enter an order directing that the Defendant Domain Names <0001.com>, <6007.com>, <00088.com>, <10099.com>, <00086.com>, <98988.com>, <81999.com>, <00018.com> , <00019.com>, <00020.com>, and <00021.com> be promptly transferred to the Plaintiff; and

VI.     Enter an Order directing Verisign to promptly return control of the Defendant Domain Names <0001.com>, <6007.com>, <00088.com>, <10099.com>, <00086.com>, <98988.com>, <81999.com>, <00018.com> , <00019.com>, <00020.com>, and <00021.com> to Gong Fan and the registrar as directed by counsel for the Plaintiff; and

VII.   Award the Plaintiff his fees and costs, including reasonable attorney fees, in connection

with this action pursuant to 15 U.S.C. § 1117(a); and

VIII.   That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Respectfully submitted,

Gong Fan
By Counsel

/s

Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Stevan Lieberman, Esq.
(not admitted in Virginia)
Greenberg & Lieberman, LLC
1775 Eye Street NW, Suite 1150
Washington DC, 20006
202-625-7000
stevan@aplegal.com

Counsel to the Plaintiff

Verification

I Gong Fan declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the
original owner of each of the Defendant Domain Names <0001.com>, <6007.com>,
<00088.com>, <10099.com>, <00086.com>, <98988.com>, <81999.com>, <00018.com> ,
<00019.com>, <00020.com>, and <00021.com> and that the facts contained in the foregoing
verified complaint are true and correct to the best of my knowledge, information and belief.

Nov. 22, 2017
Date

Gong Fan
Gong Fan