IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEB - 9 2018

GONG FAN, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:17cv1340 (CMH/JFA)
)
JOHN DOE, et al., )
)
Defendants. )
)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 9). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On November 22, 2017, plaintiff filed a five count, verified complaint against John Doe ("Doe") and eleven domain names, 0001.com, 6007.com, 00088.com, 10099.com, 00086.com, 98988.com, 88199.com, 00018.com, 00019.com, 00020.com, and 00021.com ("Domain Name Defendants"). The complaint alleges claims for declaratory judgment, a violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), tortuous interference with contractual relationship, conversion, and a violation of the Computer Fraud and Abuse Act. (Docket no. 1). On November 24, 2017, plaintiff moved for service by publication under the ACPA for the Domain Name Defendants (Docket no. 2), which the court granted on December 20, 2017 (Docket no. 5). On January 15, 2018, plaintiff requested an entry of default (Docket no. 7), which the Clerk of Court entered as to the Domain Name Defendants on January 18, 2018

(Docket no. 8). On January 22, 2018, plaintiff filed this motion for default judgment (Docket no. 9) and noticed the hearing for February 9, 2018 at 10:00 a.m. (Docket no. 11). As set forth in the motion for default judgment, plaintiff is only seeking a default judgment against the Domain Name Defendants under the *in rem* provisions of the ACPA and requests that the remaining claims in the complaint be dismissed without prejudice. (Docket no. 9). At the hearing on February 9, 2018, counsel for the plaintiff appeared, but no one appeared on behalf of Doe or the Domain Name Defendants.

## Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl.") and the memorandum in support of plaintiff's motion for default judgment (Docket no. 10). Plaintiff Gong Fan is a citizen of China who registered the Domain Name Defendants over a range of dates from May 5, 1998 to April 3, 2004. (Compl. ¶¶ 3, 6–16). Plaintiff used each of the Domain Name Defendants to generate income by directing Internet traffic to travel sites and as part of his business in purchasing and selling domain names for profit. (Compl. ¶ 17). Plaintiff controlled the domain names through his email account, gong09@gmail.com. (Compl. ¶ 32). Defendant Doe, identified by three sets of fictitious names and addresses, hijacked plaintiff's email address between August 22, 2017 and September 20, 2017 and used this unauthorized access to transfer all of the Domain Name Defendants to Doe's control without plaintiff's authorization. (Compl. ¶¶ 4, 18). Doe has taken control of the Domain Name Defendants with the intent to divert the substantial advertising revenue produced by them. (Compl. ¶ 38).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend." Based on the failure to plead or otherwise defend against the action, the Clerk of Court has entered a default as to the Domain Name Defendants. (Docket no. 8).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff has asserted a claim pursuant to the ACPA (15 U.S.C. § 1125(d)) and alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). (Compl. ¶ 20).

Plaintiff alleges that this court has *in rem* jurisdiction over the Domain Name Defendants pursuant to 15 U.S.C. § 1125(d)(2)(A), as the registry for the Domain Name Defendants is VeriSign, Inc., who is located in this District. (Compl. ¶¶ 5, 20). Plaintiff also alleges that venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) as the registry for the Defendant Domain Names is located within this District. (Comp. ¶ 21). Given the uncontested allegations that the registry for the Domain Name Defendants is located in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this

3

action, that the court has *in rem* jurisdiction over the Domain Name Defendants, and that venue is proper in this court.

### Service

Rule 4(n)(1) provides that the court may assert jurisdiction over property if authorized by a federal statute, and notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule. Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On November 24, 2017, plaintiff moved for notice by publication, alleging that Doe concealed his identity by using fictitious names. (Docket nos. 2, 3). On December 20, 2017, this court granted plaintiff's motion for publication and directed him to publish a notice in the *Washington Times*. (Docket no. 5). On December 22, 2017, plaintiff published a notice in the *Washington Times*. (Docket no. 6-1). Based on the foregoing and plaintiff's sending notice of the alleged violation and intent to proceed to the registrant of the Domain Name Defendants at the postal and email addresses provided by the registrant to the registry (Docket no. 3-1), the undersigned magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii).

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in the *Washington Times*, anyone making a claim to the Domain Name Defendants was required to file a responsive pleading by January 11, 2018; twenty (20) days after the notice of action was published. No responsive pleading has been filed and no other claims were filed, and the time

4

for doing so has since expired. On January 15, 2018, plaintiff filed a request for entry of default. (Docket no. 7). Thereafter, the Clerk of Court entered a default against the Domain Name Defendants on January 18, 2018. (Docket no. 8).

For the reasons stated above, the undersigned magistrate judge recommends a finding that notice of this *in rem* action was proper and that no one has made a timely claim to the Domain Name Defendants, and that the Clerk of Court properly entered a default as to the Domain Name Defendants.

## **Liability**

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

**ACPA (Count II)**

Plaintiff has established a violation of the ACPA. As an initial matter, plaintiff contends that he owns the exclusive rights to the Domain Name Defendants and their associated trademarks, which are in full force and effect, and are distinctive marks pursuant to 15 U.S.C. §1125. (Compl. ¶¶ 6–17, 30–31, 49). Accordingly, plaintiff is the rightful owner of the Defendant Domain Names and their associated trademarks.

To establish an ACPA violation, plaintiff is required to prove (1) that the defendant had a bad faith intent to profit from using the Domain Name Defendants, and (2) that the Domain Name Defendants are identical or confusingly similar to, or dilutive of, the distinctive marks owned by plaintiff. 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). In determining whether a defendant acted in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
> (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section.

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69.

First, plaintiff has established that Doe had a bad faith intent to profit from the Domain Name Defendants when he hijacked plaintiff's email system and transferred control of the Defendant Domain Names. (Compl. ¶¶ 35–39). Based on the factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i), plaintiff has established that: (1) Doe lacks any trademark rights in the Domain Name Defendants, as evidenced by plaintiff's rightful ownership of the Domain Name

6

Defendants (Compl. ¶¶ 6–17; Docket no. 10 at 4); (2) plaintiff was the sole user of the Domain Name Defendants until Doe illegally gained control over them (Compl. ¶¶ 35–39; Docket no. 10 at 4); (3) Doe has no *bona fide* non-commercial or fair use of the trademarks associated with the Domain Name Defendants (Compl. ¶ 41; Docket no. 10 at 4); (4) Doe provided misleading or incomplete contact information in the domain name registrations when changing the registrations for the Domain Name Defendants (Compl. ¶ 42; Docket no. 10 at 4); and (5) Doe intends to use or resell the Domain Name Defendants for financial gain without the offering of any good or service (Compl. ¶ 39; Docket no. 10 at 4).

Second, plaintiff has established that the Domain Name Defendants are identical to the distinctive marks owned by plaintiff. (Docket no. 10 at 4). The Domain Name Defendants and their associated common law trademarks were used in commerce in conjunction with online services provided by plaintiff since acquisition, beginning in May 1998. (Compl. ¶¶ 6–16, 29, 31). Between August 22, 2017 and September 20, 2017, Doe illegally gained access to plaintiff's email account and wrongfully transferred the Domain Name Defendants away from plaintiff's control without plaintiff's permission. (Compl. ¶¶ 34, 40). As such, Doe's use of the trademarks associated with the Domain Name Defendants was necessarily the same as the use by plaintiff. Therefore, it is recommended that that the court find that plaintiff has established a violation of the ACPA.

## Relief

In this *in rem* action, plaintiff seeks the return of the Domain Name Defendants and dismissal of his remaining claims without prejudice. (Docket no. 10 at 3). Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name

or the transfer of the domain name to the owner of the mark." This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). Given that plaintiff has established a violation of the ACPA through Doe's unauthorized transfer of the registration of plaintiff's domain names and the use of those domain names and associated trademarks, the undersigned recommends an order requiring the transfer of the Domain Name Defendants to plaintiff, and a dismissal of all other claims without prejudice.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Gong Fan ("plaintiff") and against each of the Domain Name Defendants pursuant to Count II alleging a violation of the Anti-cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)). The undersigned recommends it be ordered that VeriSign, Inc., the registry for the Domain Name Defendants, change the registrar of record for domain names 0001.com, 6007.com, 00088.com, 10099.com, 00086.com, 98988.com, 88199.com, 00018.com, 00019.com, 00020.com, and 00021.com to a registrar identified by the plaintiff and that registrar selected by the plaintiff then register the domain names in plaintiff's name. The undersigned further recommends that plaintiff's remaining claims be dismissed without prejudice.

## Notice

By means of the court's electronic filing system and by sending copies of these proposed findings of fact and recommendations to the email addresses immenselydd@gmail.com and yangying84214@gmail.com; and mailing copies to tien chen, henanshengyongchenshimanshangzhenzhangzhuangcun, yongchenshi, 0370 China; chen,

henanshengyongchenshi, yongchen, henan, 0374 China, and ying yang shandongshenglinyitancheng, linyishi, 276100 China, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

    ENTERED this 9th day of February, 2018.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia